IN THE CIRCUIT COURT FOR COFFEE COUNTY, TENNESSEE

MICHAEL SMITH and CRYSTAL SMITH, )
        Plaintiffs, )
         )
vs. ) No. 2019-CV-45882
         )
JEROME BROWN, JR. a/k/a JEROME )
BROWN and QUEST GLOBAL, INC., )
         )
        Defendants. )

FILED
APR 18 2019
CIRCUIT COURT
COFFEE COUNTY, TN
HEATHER HINDS DUNCAN, CLERK
TIME_____ AM/PM

## COMPLAINT

Plaintiffs, for this cause of action against Defendants, state to the Court:

1. Plaintiff Michael Smith is a citizen and resident of Coffee County, Tennessee. Plaintiff Crystal Smith is a citizen and resident of Coffee County, Tennessee. Plaintiffs are husband and wife.

2. Defendant Jerome Brown, Jr. a/k/a Jerome Brown (Jerome Brown, Jr.) is a citizen and resident of Jefferson County, Texas.

3. Defendant Quest Global, Inc. is an active, for-profit corporation organized under the laws of Georgia with its principal offices located at 123 Riverside Drive SW, Cartersville, Georgia, 30120. Defendant Quest Global, Inc. may be served with process through its Registered Agent for Service of Process, Sharon Lee Seals, 1726 Carroll Road, Morristown, Tennessee 37813.

4. At all times relevant to the matters alleged herein, Defendant Quest Global, Inc. was the owner of the 2017 Freightliner (Freightliner) that was involved in the collision described herein.

5. At all times relevant to the matters alleged herein, Defendant Jerome Brown, Jr. was the agent, servant, and/or employee of Defendant Quest Global, Inc., and he acted within the course and scope of his employment with his employer, Defendant Quest Global, Inc.

EXHIBIT A
Blumberg No. 5208

6. At all times relevant to the matters alleged herein, Defendant Jerome Brown, Jr. was driving the Freightliner for the business of Defendant Quest Global, Inc.

7. Plaintiffs invoke the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

8. Defendant Quest Global, Inc. is vicariously liable for the negligence of Defendant Jerome Brown, Jr. by the doctrine of *respondeat superior*.

9. On April 28, 2018, Defendant Jerome Brown, Jr. was driving the Freightliner on Interstate 24 East in Coffee County, Tennessee.

10. Defendant Jerome Brown, Jr. was approaching multiple stationary vehicles stopped on the road.

11. Three of the stationary vehicles were police vehicles with the emergency vehicle lighting turned on.

12. Police were assisting with a prior accident.

13. Plaintiff Michael Smith was a police officer assisting with the prior accident.

14. Defendant Jerome Brown, Jr. was in a lane adjacent to the stationary police vehicles.

15. Defendant Jerome Brown, Jr. left his lane of travel.

16. Defendant Jerome Brown, Jr. drove into the lane with the stationary vehicles.

17. Defendant Jerome Brown, Jr. drove into one of the stationary vehicles.

18. This impact caused the previously stationary vehicles to collide.

19. One of the vehicles either struck Mr. Smith or otherwise caused him to fall.

20. Defendant Jerome Brown, Jr. is at fault for the collision described herein.

21. Defendant Jerome Brown, Jr. moved from his lane of travel when it was not safe to do so.

22. Defendant Jerome Brown, Jr. drove without yielding the right-of-way when he approached the stationary vehicles when the vehicles were giving a signal by use of flashing lights.

23. Defendant Jerome Brown, Jr. drove without proceeding with due caution when he approached the stationary vehicles when the vehicles were giving a signal by use of flashing lights.

24. Defendant Jerome Brown, Jr. drove without maintaining a safe speed when he approached the stationary vehicles when the vehicles were giving a signal by use of flashing lights.

25. Defendant Jerome Brown, Jr. drove without keeping himself alert and aware of the traffic around him.

26. Defendant Jerome Brown, Jr. drove without maintaining a proper lookout.

27. Defendant Jerome Brown, Jr. drove without paying proper attention.

28. Defendant Jerome Brown, Jr. drove without keeping the Freightliner under proper control.

29. Defendant Jerome Brown, Jr. drove without exercising reasonable and due care in the operation of the Freightliner so as to avoid injury to other persons using the roadway, including Plaintiff Michael Smith.

30. Based on his conduct described herein, Defendant Jerome Brown, Jr. was negligent.

31. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-117 by driving on the right side of the roadway when he could not safely clear the overtaken vehicles.

32. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-123 by moving from his lane of travel without first ascertaining that the movement could be made with safety.

33. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-132 by driving without yielding the right-of-way by moving or staying out of the lane occupied by the stationary vehicles, which were giving a signal by using flashing lights.

34. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-132 by driving without proceeding with due caution when he approached the stationary vehicles, which were giving a signal by using flashing lights.

35. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-132 by driving without maintaining a safe speed when he approached the stationary vehicles, which were giving a signal by using flashing lights.

36. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-136 by driving without exercising due care to avoid causing a collision with the stationary vehicles, by driving without maintaining a safe lookout, by driving without keeping the Freightliner under proper control, and by driving without devoting full time and attention to operating Freightliner, under the existing circumstances to avoid endangering life, limb, or property.

37. Defendant Jerome Brown, Jr. violated Tenn. Code Ann. § 55-8-197 by driving without yielding the right-of-way to the stationary vehicles and the collision resulted in serious bodily injury to Plaintiff Michael Smith.

38. Based on his conduct described herein, Defendant Jerome Brown, Jr. was negligent *per se*.

39. Plaintiff Michael Smith suffered injuries as a direct and proximate result of the collision.

40. Plaintiff Michael Smith has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the collision.

41. Plaintiff Michael Smith has endured and will continue to endure pain and suffering as a direct and proximate result of the collision.

42. Plaintiff Michael Smith has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the collision.

43. Plaintiff Michael Smith has lost and will continue to lose wages as a direct and proximate result of the collision.

44. Plaintiff Michael Smith has lost earning capacity as a direct and proximate result of the collision.

45. Plaintiff Michael Smith has been permanently scarred as a direct and proximate result of the collision.

46. Plaintiff Michael Smith has been permanently impaired as a direct and proximate result of the collision.

47. Plaintiff Michael Smith seeks to recover for all of his damages allowed under Tennessee law.

48. As a direct and proximate result of the collision, Plaintiff Crystal Smith, as spouse to Plaintiff Michael Smith, lost the consortium of her husband.

49. Plaintiff Crystal Smith seeks to recover for all of her damages allowed under Tennessee law.

50. WHEREFORE, Plaintiffs Michael Smith and Crystal Smith pray for the following relief:

1. A judgment for compensatory damages against Defendants, jointly and severally, in an amount to be determined by a jury, but in excess of $25,000.00;

2. An award of all discretionary costs and court costs;

3. A jury be empanelled to try this cause; and

4. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully submitted.

*Caroline E. Sapp*

Brandon E. Bass, BPR # 22014
Caroline E. Sapp, BPR # 033523
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, Tennessee 37027
Telephone: 615.742.4880
Facsimile: 615.742.4881
Email: bbass@johndaylegal.com
Email: csapp@johndaylegal.com
*Attorneys for Plaintiffs*