UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH and CRYSTAL SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 4:19-cv-00034-JRG-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME BROWN, JR. a/k/a Jerome Brown and QUEST GLOBAL, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion to amend the complaint (without a supporting memorandum) [Doc. 42] and a proposed first amended complaint [Doc. 42-1], filed by Plaintiffs Crystal and Michael Smith ("Mr. Smith") (collectively, "Plaintiffs"), seeking to clarify and add factual allegations and to assert a punitive damage claim pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Defendants Jerome Brown, Jr. ("Mr. Brown") and Quest Global, Inc. ("Quest Global") (collectively, "Defendants") filed a response in opposition to Plaintiffs' motion to amend [Doc. 43]. Plaintiffs failed to file a reply and, as the time to reply has expired, this matter is now ripe.

While the motion to amend is timely under the Court's Scheduling Order [Doc. 38], it is not well taken to the extent it seeks to assert a punitive damage claim against Quest Global. Therefore, I recommend it be granted in part and denied in part.

### I. BACKGROUND

Based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendants removed this motor vehicle accident case from the Coffee County Circuit Court on May 20, 2019.

The following facts are taken from the proposed amended complaint for purposes of resolving the pending motion [Doc. 42-1].

On April 28, 2018, Mr. Brown was driving a Freightliner truck within the scope of his employment with Quest Global. As Mr. Brown approached a standstill traffic jam caused by a prior accident, he left his lane of travel, drove the Freightliner into another lane of traffic, and hit one of several stationary police vehicles, which caused other previously stationary vehicles to collide. One of the vehicles either struck Mr. Smith or otherwise caused him to fall. Plaintiffs allege Mr. Brown changed lanes when it was not safe to do so, and drove without yielding the right-of-way or exercising due caution when he approached the stationary police vehicles. Among other things, Plaintiffs allege that as Mr. Brown approached the stationary police vehicles, Mr. Brown had the cruise control set at a speed exceeding 60 miles per hour and was driving at an unsafe speed. Plaintiffs assert Mr. Brown's driving was negligent and reckless.

Plaintiffs allege Quest Global was the owner of the Freightliner, and that Mr. Brown was the agent, servant, and/or employee of Quest Global and acting within the course and scope of his employment at all relevant times. Plaintiffs assert Quest Global is vicariously liable for the negligence and recklessness of Mr. Brown under the doctrine of respondeat superior.

**II.     ANALYSIS**

In their proposed amended complaint, Plaintiffs add allegations, including allegations of reckless conduct by Mr. Brown, and a request for punitive damages against Defendants jointly and severally [Doc. 42-1]. Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Factors relevant in determining whether leave should be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). Although leave to amend is ordinarily freely given under Rule 15, an amendment may be denied as futile if the claim sought to be added "could not withstand a Rule 12(b)(6) motion to dismiss." *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993)).[1] A court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See id.* at 420-421.

## III. ANALYSIS

Defendants argue Plaintiffs' proposed request for punitive damages *as to Quest Global* is futile.[2] For the reasons stated below, I agree with Defendants that Plaintiffs have failed to properly plead facts or legal theories that could support an award of punitive damages against Quest Global, and, therefore, allowing that aspect of the proposed amendment would be futile. Plaintiffs,

---

[1] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

[2] Defendants did not oppose any aspect of the proposed amendment other than the claim for punitive damages as to Quest Global.

3

however, should be allowed to amend their complaint to assert additional allegations and a punitive damage claim solely against Mr. Brown.

It is undisputed that, in Tennessee, a plaintiff seeking punitive damages must show by clear and convincing evidence that a defendant acted at least recklessly. *See Carden v. Gerlach*, No. 3:15-CV-314-TAV-HBG, 2018 WL 2974389, at *2 (E.D. Tenn. June 13, 2018) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). "A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Hodges*, 833 S.W.2d at 901 (citation omitted).

Under the doctrine of respondeat superior, an employer is "vicariously liable for torts committed by its employee when that employee was acting within the scope of his employment." *Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002) (citation omitted). Tennessee law, which governs in this diversity action, provides:

> (g)(1) Notwithstanding subdivision (a)(9),[3] punitive damages may be awarded against a defendant based on vicarious liability for the acts or omissions of an agent or employee only if the finder of fact determines by special verdict based on clear and convincing evidence that one or more of the following has occurred:
>
> > (A) The act or omission was committed by a person employed in a management capacity while that person was acting within the scope of employment;
> >
> > (B) The defendant was reckless in hiring, retaining, supervising or training the agent or employee and that recklessness was the proximate cause of the act or omission that caused the loss or injury; or

---

[3] Subdivision (a)(9) provides that "[t]he culpability of a defendant for punitive damages whose liability is alleged to be vicarious shall be determined separately from that of any alleged agent, employee or representative," and therefore is not relevant to the Court's analysis on this motion to amend.

4

> (C) The defendant authorized, ratified or approved the act or omission with knowledge or conscious or reckless disregard that the act or omission may result in the loss or injury.
>
> (2) Nothing in this subsection (g) shall be construed to expand or increase the scope of vicarious liability or punitive damages liability under Tennessee law.
>
> (3) For purposes of this subsection (g), "a person employed in a management capacity" means an employee with authority to set policy and exercise control, discretion, and independent judgment over a significant scope of the employer's business.

Tenn. Code Ann. § 29-39-104(g).

Plaintiffs failed to even address Defendants' futility argument under Tennessee Code Annotated § 29-39-104(g) in a reply. Moreover, even under the most liberal reading of Plaintiffs' proposed amended complaint, there is simply no allegation that Mr. Brown acted in a management capacity, that Quest Global acted recklessly in any way, including hiring, retaining, supervising or training Mr. Brown, or that Quest Global authorized, ratified, or approved any of Mr. Brown's actions in connection with the wreck. Thus, the request for punitive damages as to Quest Global is futile.

## IV. CONCLUSION

Accordingly, I **RECOMMEND** that Plaintiffs' motion [Doc. 42] be **DENIED IN PART** to the extent it relates to Plaintiffs' proposed amendment seeking punitive damages against Quest Global. As Defendants do not identify any basis for denying the remainder of the proposed amendment, I also **RECOMMEND** that Plaintiffs' motion be **GRANTED IN PART** to allow Plaintiffs to make the remaining proposed amendments. If the Court adopts this report and recommendation, I further **RECOMMEND** that Plaintiffs be **ORDERED** to file an amended

complaint that conforms with this report and recommendation within **SEVEN DAYS** of entry of the order.[4]

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).